IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KONSTANTINOS MOSHOGIANNIS, | CASE NO. 5:10-cv-05971 EJD |
| Plaintiff(s), | **ORDER FOR ADDITIONAL BRIEFING** |
| v. | |
| SECURITY CONSULTANTS GROUP, INC., | |
| Defendant(s). | |

On May 6, 2011, Plaintiff Konstantinos Moshogiannis ("Plaintiff") filed a Motion for Preliminary Approval of Class-Action Settlement (the "Motion"), which includes, inter alia, a copy of the proposed Class-Action Settlement Agreement and Release between Plaintiff, on behalf of himself and a proposed class of similarly-situated individuals, and Defendant Security Consultants Group, Inc. ("Defendant"). See Docket Item Nos. 21-23. Within that document, Plaintiff and Defendant seek to settle a number of class claims brought under the California Labor Code and Fair Labor Standards Act, including claims related to Defendant's failure to pay overtime, failure to provide meal and rest breaks, failure to pay wages due and owing upon termination of employment, and failure to provide statutorily-required information on employee paystubs. See id. Plaintiffs also seek conditional certification of the settlement class under Federal Rule of Civil Procedure 23, defined as: "All natural persons employed by Defendant Security Consultants Group, Inc. In California as security personnel during the time period from January 1, 2007, through the date of

1

CASE NO. 5:10-cv-05971 EJD
ORDER FOR ADDITIONAL BRIEFING

preliminary approval of this Settlement." See id. The court submitted Plaintiff's motion for decision without oral argument on July 14, 2011. See Docket Item No. 26.

On June 20, 2011, the United States Supreme Court filed its opinion in Wal-Mart Stores, Inc. v. Dukes, --- U.S. ----, 131 S. Ct. 2541 (2011). There, the Court wrote the following when discussing the requirement of commonality under Rule 23(a)(2):

> Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury,"....This does not mean merely that they have all suffered a violation of the same pro-vision of law....Their claims must depend upon a common contention - for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

Wal-Mart Stores v. Dukes, --- U.S. ----, 131 S. Ct. 2541, 2551 (2011) (internal citations omitted).

With regard to the particular claims raised in the case, the Court also wrote:

> Here respondents wish to sue about literally millions of employment decisions at once. Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*.

Id. at 2552 (emphasis preserved).

Since Plaintiff's Motion was filed prior to the Supreme Court's opinion in Wal-Mart, neither Plaintiff nor Defendant have had the opportunity to present argument addressing the impact of that decision on this case. In particular, this court is interested in understanding what effect, if any, does Wal-Mart have on the claims not based on an alleged underlying employment policy of Defendant. Indeed, the First Amended Complaint ("FAC") identifies only one policy, discussed in connection with alleged violations of California Labor Code §§ 226.7 and 512. See FAC, Docket Item No. 14, at ¶ 16.[1] No such policy, or as the Supreme Court terms it, "glue," is identified for the unpaid overtime or continuing wages claims. The court is therefore concerned that these claims may not be capable of class-wide determination or settlement in the wake of Wal-Mart.

Accordingly, the court orders as follows:

---

[1] "Defendant had a policy that security officers, such as Plaintiff, could not leave their posts without being relieved by another security officer."

2
CASE NO. 5:10-cv-05971 EJD
ORDER FOR ADDITIONAL BRIEFING

1. Plaintiffs and Defendants shall, either jointly or separately, file an additional brief addressing the issues discussed herein no later than December 16, 2011. Any brief filed pursuant to this order shall not exceed ten (10) pages in length.
2. The Status Conference currently scheduled for December 2, 2011, is VACATED and will be re-scheduled by the court after receiving additional briefing, if necessary.

**IT IS SO ORDERED.**

Dated: November 30, 2011



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:10-cv-05971 EJD
ORDER FOR ADDITIONAL BRIEFING