United States District Court
For the Northern District of California

1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN JOSE DIVISION

10   KONSTANTINOS MOSHOGIANNIS,          CASE NO. 5:10-cv-05971 EJD

11                                        **ORDER GRANTING PLAINTIFF'S**
                                          **MOTION FOR CONDITIONAL**
12              Plaintiff(s),             **SETTLEMENT CLASS CERTIFICATION**
        v.                                **AND PRELIMINARY APPROVAL OF**
13                                        **CLASS ACTION SETTLEMENT**
     SECURITY CONSULTANTS GROUP,
     INC.,
14
                                          [Docket Item No. 21]
15              Defendant(s).
     _____/
16        Presently before the court is Plaintiff Konstantinos Moshogiannis' unopposed motion for

17   conditional settlement class certification and preliminary approval of class action settlement.  See

18   Docket Item No. 21.  For the reasons stated below, the motion is granted.

19                         **I.    BACKGROUND**

20        **A.    Plaintiff's Allegations**

21        Defendant Security Consultants Group, Inc. ("Defendant") employed Plaintiff as a security

22   officer at two locations in San Jose from on or about June 9, 2007, to on or about May 3, 2010.  See

23   First Am. Compl. ("FAC"), Docket Item No. 14, at ¶ 4.  At the first location, Plaintiff was scheduled

24   to work from 6:30 a.m. until 6:00 p.m. from Monday to Thursday, with a one-and-one-half hour

25   uncompensated meal break between 1:30 p.m. and 3:00 p.m.  He was not compensated for overtime.

26   Id., at ¶ 5.

27        At the second location, Plaintiff was scheduled to work from 8:45 a.m. to 5:00 p.m. from

28
                                         1
     CASE NO. 5:10-cv-05971 EJD
     ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
     PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    Monday to Friday, with no meal breaks and no rest breaks.  Id., at ¶ 6.

2         After Plaintiff worked for four hours on May 3, 2010, Defendant required him to report to

3    the gun range for a firearm test.  Id., at ¶ 7.  Plaintiff did not qualify due to carpal tunnel syndrome.

4    Id.  He was therefore discharged from employment, but was not paid for his four hours of work that

5    day.  Id.  In addition, the final paycheck he received on May 10, 2010, did not compensate Plaintiff

6    for all of his wages.  Id., at ¶ 8.  Plaintiff further claims that all of the paychecks he received during

7    employment failed to include the total number of hours worked.  Id., at ¶ 23.

8         **B.    Procedural History**

9         This action was originally commenced in Santa Clara Superior Court on November 5, 2010.

10   On behalf of himself and a proposed class, Plaintiff claimed that Defendant committed a number of

11   employment-related violations contrary to state and federal labor statutes.  Specifically, Plaintiff

12   alleged Defendant: (1) failed to pay overtime compensation in violation of the Fair Labor Standards

13   Act ("FLSA"), California Labor Code § 510 and 29 U.S.C. § 216(b), (2) failed to timely pay wages

14   at discharge in violation of California Labor Code § 203, (3) failed to include required information

15   on employee paystubs in violations of California Labor Code § 226, and (4) failed to provide rest

16   and meal breaks in violation of California Labor Code § 226.7.  Plaintiff further alleged Defendant

17   violated California's Unfair Competition Law, Business and Professions Code § 17200 et. seq. and

18   requested enhanced civil penalties and attorneys fees pursuant to the California Labor Code § 2698

19   et. seq.

20        On December 30, 2010, Defendant removed the case to this court, and Plaintiff filed the FAC

21   on March 7, 2011.  Between May 13th and May 16, 2011, the parties executed a Class-Action

22   Settlement Agreement and Release ("CASA"), a copy of which is attached to the supplemental

23   declaration of Plaintiff's counsel.  The proposed settlement includes the following settlement class

24   members:

25        All natural persons employed by Defendant Security Consultants
          Group, Inc. in California as security personnel during the time from
26        January 1, 2007, through the date of preliminary approval of this
          Settlement.

27

28

*United States District Court*
*For the Northern District of California*

2

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1        Pursuant to the CASA, the gross settlement amount is $683,130.00, from which payments

2   are to be made as follows: (1) 30%, or $204,939.00, as attorney's fees to Class Counsel, plus

3   reasonable litigation costs estimated to be $5,000.00, (2) up to $7,500.00 as enhancement award to

4   Plaintiff, (3) an estimated $20,000.00 as reasonable costs to the Claims Administrator, (4)

5   $25,000.00 to the State of California Labor and Workforce Development Agency, (5) an

6   unidentified amount to pay Defendant's payroll taxes and the amount distributed to class members,

7   and (6) $395,691.00, as the "Net Settlement Amount" used to pay the timely and valid claims of the

8   class members after the previously-stated items are deducted.

9        The amount payable to a class member from the Net Settlement Amount is to be calculated

10  by adding together an "Initial Calculation Amount" and a "Supplemental Calculation Amount," if

11  any. The "Initial Calculation Amount" is determined by first dividing the Net Settlement Amount

12  by the total number of compensable workweeks for the entire class and then multiplying the dollar

13  value per compensable workweek by the number of compensable workweeks worked by each

14  participating class member. If not all class members submit timely and valid claims, a Supplemental

15  Calculation Amount will be determined for all participating class members by first subtracting the

16  total Initial Calculation Amount for all participating class members from the Net Settlement

17  Amount, dividing the resulting figure by the total number of compensable workweeks worked by

18  participating class members, and then multiplying the individual class member's number of

19  compensable workweeks by the supplemental amount per work week.

20       In exchange for the monetary compensation calculated above, all non-excluded class

21  members will release Defendant from "all wage-and-hour claims of every nature or description,

22  including claims for injunctive relief," related to the allegations in the FAC.

### II.   LEGAL STANDARD

24       A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the

25  parties to a putative class action reach a settlement agreement prior to class certification, "courts

26  must peruse the proposed compromise to ratify both the propriety of the certification and the fairness

27  of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary

28

3

1    stage, the Court must first assess whether a class exists. Id. (citing Amchem Prods. Inc. v. Windsor,

2    521 U.S. 591, 620 (1997)).  Second, the court must determine whether the proposed settlement "is

3    fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th

4    Cir. 1998).  If the court preliminarily certifies the class and finds the proposed settlement fair to its

5    members, the court schedules a fairness hearing where it will make a final determination of the class

6    settlement. Okudan v. Volkswagen Credit, Inc., No. 09-CV-2293-H (JMA), 2011 U.S. Dist. LEXIS

7    84567, at *6 (S.D. Cal. Aug. 1, 2011).

8                                    **III.    DISCUSSION**

9        **A.    Class Certification**

10           Pursuant to the Federal Rules, there are four preliminary requirements for class certification:

11   (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  See Fed. R.

12   Civ. P. 23(a)(1)-(4).  If these are satisfied, the court must then examine whether the requirements of

13   Rule 23(b)(1), (b)(2), or (b)(3) are satisfied. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548-

14   49 (2011).

15           The Rule 23 requirements are more than "a mere pleading standard." Id.  Indeed, the class

16   representations are subjected to a "rigorous analysis" which compels the moving party to

17   "affirmatively demonstrate...compliance with the rule - that is, he must be prepared to prove that

18   there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Id.

19               **1.    Rule 23(a)**

20           Rule 23(a)(1) provides that a class action may be maintained only if "the class is so

21   numerous

22   that joinder of all parties is impracticable."  Fed. R. Civ. P. 23(a)(1).  In this context,

23   "impracticability" is not equated with impossibility; it is only an apparent difficulty or

24   inconvenience from joining all members of the class. Harris v. Palm Springs Alpine Estates, Inc.,

25   329 F.2d 909, 913-14 (9th Cir. 1964).  Moreover, satisfaction of the numerosity requirement is not

26   dependent upon any specific number of proposed class members, but "where the number of class

27   members exceeds forty, and particularly where class members number in excess of one hundred, the

28

**United States District Court**
For the Northern District of California

                                               4

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
For the Northern District of California

numerosity requirement will generally be found to be met.  <u>Int'l Molders' & Allied Workers' Local 164 v. Nelson</u>, 102 F.R.D. 457, 461 (N.D. Cal. 1983).

According to the declaration of Plaintiff's counsel, Defendant has identified approximately 254 putative settlement class members, which Defendant will confirm by providing the names and addresses of the class members to GCL should upon preliminary approval.  In light of the purported size of the class, the court finds the numerosity requirement to be satisfied.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  In the wake of <u>Wal-Mart</u>, commonality now requires "the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  <u>Wal-Mart</u>, 131 S. Ct. at 2551 (quoting <u>Gen. Tel. Co. of the Southwest v. Falcon</u>, 457 U.S. 147, 157 (1982)).  The claims of all class members "must depend on a common contention," which is "of such a nature that it is capable of classwide resolution - which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  <u>Id</u>.

In response to this court's request for supplemental briefing, Plaintiff clarified that "since both of the unpaid-overtime and continuing-wage claims are, in fact, derived from the same policy regarding the missed-breaks claim," specifically "Defendant's company-wide policy to understaff its security posts," the requirement of common contention is satisfied.[1]  Having considered this matter in light of <u>Wal-Mart</u>, the court concurs with Plaintiff's statement.  Thus, because all of Plaintiff's class claims are premised on Defendant's alleged policies - either one resulting in inadequate staffing, one excluding statutorily-imposed information on paystubs, or one leading to the untimely presentation of final wages at discharge - and because those policies applied to all putative class members as well as Plaintiff, this case meets the commonality requirement of Rule 23(a)(2).

Rule 23(a)(3) requires that the representative party's claim be "typical of the claim . . . of the class."  Fed. R. Civ. P. 23(a)(3).  "Under this rule's permissive standards, representative claims are typical if they are reasonably co-extensive with those absent class members; they need not be

---

[1] The court thanks both parties for the excellent and incredibly helpful supplemental brief filed at the court's request.

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

substantially identical." <u>Hanlon</u>, 150 F.3d at 1020.  Here, Plaintiff's personal claims are similar to those of any and all absent class members since, as a security officer employed by Defendant in California, he was subject to Defendant's policies inasmuch as all other similarly situated employees.  For this reason, Plaintiff has satisfied the typicality requirement.

Finally, Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. Proc. 23(a)(4).  Constitutional due process is central to this determination.  "[A]bsent class members must be afforded adequate representation before entry of judgment which binds them."  <u>Hanlon</u>, 150 F.3d at 1020 (citing <u>Hansberry v. Lee</u>, 311 U.S. 32, 42-43 (1940)).  Two questions must be resolved by the court: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  <u>Id</u>.  Based on the information presented, the court answers the first question in the negative, since Plaintiff shares the desire of all class members to be compensated for the violations alleged in the FAC.  As to the second question, the court is satisfied that Plaintiff's counsel has and will continue to pursue this action vigorously on behalf of Plaintiff and the proposed class members, considering counsel's experience in labor law and class action litigation.

### 2.    Rule 23(b)

Subsection (b)(3) of Rule 23 is most relevant to this case.  Under that portion of the rule, the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class [is] sufficiently cohesive to warrant adjudication by representation."  <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935, 944 (9th Cir. 2009) (internal citations omitted).

As explained in the discussion addressing the Rule 24(a)(2) commonality requirement, the fact that all proposed class members were subject to Defendant's policies weighs in favor of finding

6

United States District Court
For the Northern District of California

the requirements of Rule 23(b)(3) satisfied.  It appears the only individual determination necessary is the amount of damages due to each class member, which itself does not defeat class certification.  <u>Yokoyama v. Midland Nat'l Life Ins. Co.</u>, 594 F.3d 1087, 1094 (9th Cir. 2010).  Thus, the court finds that common issues sufficiently predominate.

For superiority, the court must consider "whether maintenance of this litigation as a class action is efficient and whether it is fair," such that litigating this case as a class action is superior to other methods of adjudicating the controversy.  <u>Wolin v. Jaguar Land Rover N. Am., LLC</u>, 617 F.3d 1168, 1175-76 (9th Cir. 2010).  As Plaintiffs note, the alternatives to class certification are either (1) dozens of separate administrative proceedings followed by de novo trials in the superior court, which would be time-consuming and inefficient, or (2) the large majority of class members will never have their claims determined on the merits, an outcome which is certainly not desirable.  For these reasons, a class action is a superior method of resolving the claims of class members.  This requirement is satisfied.

Since a sufficient showing has been made as to all of the requirements contained in Federal Rule of Civil Procedure 23, the motion for conditional certification of a settlement class will be granted.[2]

**B.     Preliminary Fairness Determination**

Pursuant to Rule 23(e), the court must examine the proposed settlement and make a preliminary finding of fairness.  A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. Proc. 23(e)(1)(C).  The burden to demonstrate fairness falls upon the proponents of the settlement.  <u>Staton</u>, 327 F.3d at 959; <u>see also</u> <u>Officers for Justice v. Civil Svc. Comm'n of the City and County of San Francisco</u>, 688 F.2d 615, 625 (9th Cir. 1982).  The relevant factors for consideration include: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining

_____

[2] The court also finds satisfied the collective action requirement contained in 29 U.S.C. § 216(b).  <u>See</u> <u>Flavel v. Svedala Indus. Inc.</u>, 875 F. Supp. 550, 553 (E.D. Wis. 1994) ("The 'similarly situated' requirement, in turn, is considerably less stringent than the requirement of [Rule 23(b)(3)] that common questions 'predominate'. . . ." (internal quotations and citation omitted)).

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
For the Northern District of California

class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; and the experience and views of counsel. <u>Staton</u>, 327 F.3d at 959.  "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness."  <u>Hanlon</u>, 150 F.3d at 1026.

The court is satisfied that the proposed settlement is fair considering the representations made in this motion.  First, it is apparent this settlement was reached after the parties conducted a significant amount of informal discovery in the form of document exchange and interviews.  Second, this case has been pending for over a year and would likely require extensive formal discovery and additional litigation concerning the adequacy of the proposed class as well the amount of damages. Proceeding to settlement now would obviously avoid that result and assures that each class member will receive payment on their claim within a relatively short period of time.  Third, it is obvious the agreed settlement amount represents a compromise of the parties based on the perceived strengths and weaknesses of their respective positions, and was determined with regard to Defendant's position as a privately-held entity in a niche industry.  Finally, Plaintiff's counsel has recommended accepting the settlement.  For these reasons, the motion for preliminary approval of class action settlement will be granted.

**C.     Notice of Class Certification and Settlement Administration**

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement.  The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B).

Here, the parties agree to retain Gilardi & Co., LLC ("GCL") to serve as settlement claims administrator.  According to the brochure provided, GCL staff has over 20 years in claims administration and has administered hundreds of labor and employment class actions.  The

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**United States District Court**
For the Northern District of California

administration costs incurred will be paid from the settlement fund.  During the period of administration, GCL will provide counsel for all parties weekly reports showing the number of claims received, including any opt-outs and objections.  GCL will also provide a declaration to Plaintiff's counsel detailing the notice process and number of claims, opt-outs and objections received at least ten days before the filing of a Motion for Final Approval fo the Settlement.

The CASA describes also the claims process as follows:

1.   Within 15 days of an order granting preliminary approval, Defendant will provide to the Claims Administrator the names, last-known addresses and Social Security number of the class members, along with data indicating the number of compensable workweeks for each class member.

2.   Within 15 days of receiving the information from Defendant, GCL will mail to all class members, by regular mail, the Settlement Notice, Claim Form, and instructions. GCL will complete a national change of address search before sending out the claims packets, and will use reasonable diligence to obtain a current address for all returned packets within ten days of the return.

3.   Class members will have 45 days from the mailing of the claims packet to submit a claim form, which will act as the member's consent to "opt in" as a party plaintiff in this settlement.  GCL will notify all claimants who submit defective claims forms and will allow 15 days for correction or until the end of the 45 day claims period, whichever is later.

4.   If a class member submits both a claim form and a request for exclusion, the request for exclusion will be rejected.  If a class member does not respond or fails to properly request exclusion, the members will be deemed bound by the terms and conditions of the settlement, but will not be deemed to have waived or released claims under the FLSA.  If 10% or more of class members elect not to participate in the settlement, Defendant will have the right to rescind the settlement.

5.   If a class member disputes the number of compensable workweeks listed on the claim

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
For the Northern District of California

1  form, the class member shall have 30 days within which to provide a written

2  statement and any documentation to GCL in support of their dispute.  GCL will then

3  consult with Plaintiff's counsel on the disputed claim, but GCL's decision shall be

4  final and will not be appealable.

5  6.  GCL will be responsible for issuing settlement payments and calculating and

6  withholding all required state and federal taxes.

7  7.  Class members wishing to object to the settlement or the provision of attorney's fees

8  and costs must submit to the Clerk of the Court, GCL, and serve on counsel for each

9  party, a written statement detailing their objection within 15 days after Plaintiff's

10  counsel files the Motion for Final Approval of Settlement.  An objecting class

11  member must state on the objection whether the member intends to appear and object

12  to the settlement at final approval hearing, or will be deemed to have waived the

13  objection.

14  The court finds the procedure described above meets the standards of Rule 23.  Moreover,

15  the Notice to Class of Proposed Settlement of Class Action ("Notice") and the Claim Form, attached

16  as Exhibits 3 and 4 to the declaration of Plaintiff's counsel respectively, are hereby approved with

17  the following modifications:

18  1.  All references in the Notice to the location of a final approval hearing shall be to

19  Courtroom 4 of the United States District Court as opposed to Courtroom 1.

20  2.  All references in the Notice to the street address of the courthouse shall be "280

21  South First Street," as opposed to "280 South First Avenue."

22  3.  Under the section entitled "How to Obtain Additional Information," the second

23  sentence of the first paragraph should state: "For more detailed information, you may

24  review the pleadings, records, and other papers on file in the lawsuit, which materials

25  may be inspected at the Clerk's Office, United States District Court, *280 South First*

26  *Street, San Jose, California 95113*."

27  4.  All deadlines and the hearing date set forth in the Notice shall conform to this Order.

28

10

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**IV.   ORDER**

In light of the preceding discussion, the motion for approval the motion for conditional certification of a settlement class and preliminary approval of class action settlement is GRANTED as follows:

1.      This action is certified as a class action for settlement purposes only pursuant to subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

2.      The CASA is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3.      Named plaintiff Konstantinos Moshogiannis is approved to act as class representative for settlement purposes only.

4.      Alan Harris and Abigail Treanor of Harris & Ruble are appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

5.      Gilardi & Co., LLC is approved to act as claims administrator for settlement purposes only.  The court directs the mailing of the Notice and Claim Form by first-class mail to the Settlement Class in accordance with the schedule and procedures set forth in the CASA.  Members of the Settlement Class who wish to challenge the compensable workweeks used to calculate their share of the settlement must then provide written evidence to support their challenge to the claims administrator postmarked within 45 days of the date of mailing of the Notice.  The claims administrator shall have full discretion to resolve any such disputes.

6.      The content of the Notice and Claim Form are approved pursuant to subsections (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23.

7.      A hearing on the final approval of class action settlement shall be held before this court on **June 15, 2012, at 2:00 p.m.**  Class counsel shall file brief(s) requesting final approval of the CASA, an award of reasonable attorneys' fees and costs, and an award of reasonable class representative enhancement fees not later than 35 calendar days before the final approval hearing. All other applicable dates shall be established by the CASA.

**United States District Court**
For the Northern District of California

11

1    The Case Management Conference scheduled for February 10, 2012, is VACATED.

2

3 **IT IS SO ORDERED.**

4

5 Dated:  February 8, 2012

6               EDWARD J. DAVILA
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

CASE NO. 5:10-cv-05971 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT