Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

Attorneys for Plaintiff
KONSTANTINOS MOSHOGIANNIS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONSTANTINOS MOSHOGIANNIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITY CONSULTANTS GROUP, INC., a Tennessee Corporation, and Doe One through and including Doe Ten,<br><br>Defendants. | Case No: CV-10-05971 EJD<br><br>**[PROPOSED]** ~~**ORDER, JUDGMENT, AND DECREE GRANTING FINAL APPROVAL OF CLASS-ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS AND ENHANCEMENT AWARD**~~<br><br>*Assigned to the Honorable Edward J. Davila, 280 S. 1st Street, Courtroom 4, 5th Floor, San Jose, CA, 95113*<br><br>Date: June 19 2012<br>Time: 10:00 a.m.<br>Court: Courtroom 4, 5th Floor<br><br>Complaint filed November 5, 2010 |

This matter having come before the Court for hearing on June 19  2012, pursuant to the Order Granting Plaintiff's Motion for Conditional Settlement Class Certification and Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") entered February 8, 2012, on Plaintiff's Motion for Final Approval of Class-Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Costs, and due and adequate notice having been given to the Class as defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore, it is hereby found and Ordered:

## **FINDINGS**

A.    All terms used herein shall have the same meaning as defined in the Class-Action Settlement Agreement and Release entered into by and between Plaintiff Konstantinos Moshogiannis and Defendant Security Consultants Group, Inc. ("Settlement") attached as Exhibit 1 to the Supplemental Declaration of Alan Harris filed on May 18, 2011 (Docket No. 23-1).

B.    This Court has jurisdiction over the subject matter of each of the claims asserted in the Complaint in this action, and has personal jurisdiction over the parties to this action, including the members of the Class, and subject matter jurisdiction to approve the Settlement.

C.    Notice to the Class has been completed in conformity with the Preliminary Approval Order.  The class notice provided a clear and full explanation of the settlement, the settlement process, and the rights of the Class members, including a description of the Class.  The class notice further informed Class members that Class Counsel would be seeking an award of attorneys' fees and costs from the settlement fund.  The notice provided a neutral, informative, and understandable description of the settlement, and the rights of the Class members under the settlement, and described the proposed settlement with enough specificity to enable Class members to make an informed decision regarding whether to accept and participate in the settlement.

D.     Notice to the Class members, including both (1) the mailing of the Class Notice and Claim Forms as directed by the Court, and (2) the establishment of a toll-free telephone number by the Claims Administrator, has been completed in conformity with this Court's Preliminary Approval Order.  The notice provided the "best practicable" notice of the settlement, constitutes valid, due, and sufficient notice, and meets the requirements for notice of a class-action settlement.  The Court bases this finding, in part, on the Claims Administrator's and the parties' counsel's extensive efforts not only in initially mailing Class Notice and Claim Forms to all Class members, but in re-mailing undelivered Class Notices and Claim Forms to Class members, utilizing a third-party locator service to update Class members' addresses, and receiving and responding to telephone calls from inquiring Class members.  Accordingly, this Court determines that all members of the Class, who did not timely submit a request for exclusion, are bound by this Judgment, Final Order, and Decree.

G.     There were no objections to the Settlement.

H.     The Settlement is fair, adequate, and reasonable, is in the best interests of the Settlement Class as a whole, and represents the best possible outcome in light of the defenses raised.  In making the determination that the settlement is fair, reasonable and adequate and should be approved, the Court has considered (i) the strengths and weaknesses in Plaintiff's case, (ii) the risks, expense, complexity, and likely duration of further litigation, (iii) the risks to Plaintiff of establishing and maintaining class-action status, (iv) the monetary amount of the settlement, including the amounts of the individual payments available to Class members, (v) the extent of discovery that has been conducted by the parties, and (vi) the views of the parties' respective counsel. The settlement is the product of arms-length, serious, informed, non-collusive, and non-overreaching negotiations.

I.     For purposes of this Order, Judgment, and Decree, and consistent with the Settlement, the term "Class," which is hereby certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b), means the

following Class:  All natural persons employed by Defendant Security Consultants Group, Inc. in California as security personnel during the time from January 1, 2007, through the date of preliminary approval of this Settlement  [February 8, 2012] ("Class" or "Settlement Class").

J.      Counsel for Plaintiff seek an award of attorneys' fees under the common-fund theory, which allows a litigant who recovers a common fund for the benefit of others to recover a reasonable attorneys' fee from the fund as a whole  Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).

## ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      This Court hereby grants final approval of the Settlement, which is expressly incorporated by this reference and which shall have the full force and effect of an order of this Court, and hereby directs that the Settlement be consummated in accordance with its terms and conditions.

2.      The Class as defined above is certified pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

3.      The Court hereby approves the Settlement, including the individual settlement payments to be made to the Class members who filed claims.  The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate to the settling Class Members.

4.      In making the determination that the Settlement is fair, reasonable, and adequate, in addition to the factors set forth above, this Court notes that not a single objection was filed to the Settlement and that no individuals elected to exclude themselves.  These additional factors lead the Court to conclude that the Settlement is fair, reasonable, adequate, and supported by the Class.

5.      The Settlement and this Judgment release and absolutely and forever discharge Defendant Security Consultants Group, Inc. as follows:

Upon entry of this Order, Judgment, and Decree, and except as to such rights or claims as may be created by the Settlement, Plaintiff and the Class Members (other than those who file requests for exclusion) hereby release all known and unknown claims, debts, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, or injunctive relief against Defendant and its former and present parents, subsidiaries, affiliates, divisions, and related entities, together with their current and former  officers, directors, employees, partners, shareholders, representatives and agents, and any other successors, assigns, or legal representatives (collectively, "Class Members' Released Parties") for any and all wage-and-hour claims of every nature or description, including claims for injunctive relief, related to the allegations in the operative Complaint in this Action (collectively, "Class Members' Released Claims").  These released claims include, but are not limited to, any and all known or unknown claims for: allegedly unpaid wages, including alleged overtime and minimum wages; payments for alleged meal and rest period violations; payments for alleged wage statement violations; payments for alleged failure to keep payroll records; payments for alleged failure to pay continuing wages; payments for liquidated damages, attorneys' fees and costs, any and all available penalties, including, but not limited to pay stub penalties, record keeping penalties, minimum wage penalties, meal and rest period penalties and waiting time penalties, interest, and other claims or penalties under federal and state wage-and-hour law (Labor Code §§ 200, 201(a), 202, 203, 204, 223, 226, 226.7, 500, 510, 511, 512, 515, 1194, 1198 and IWC Wage Order No. 4-2001; FLSA, 29 U.S.C. §201 *et seq.*), up to and including the date the Court enters the order preliminarily approving this Settlement; except, however, claims under the FLSA are released only by those Class Members who submit Claim Forms pursuant to this Settlement.  The claims released by the Class Members

(other than those who submit timely and valid requests for exclusion) also include, but are not limited to, all claims of the foregoing nature that arise under the California Labor Code; Business and Professions Code §§ 17200 *et seq.*; and the Labor Code Private Attorneys General Act (codified at California Labor Code §§ 2698 *et seq*.; California Industrial Welfare Commission Wage Orders; and the FLSA; and claims for interest, attorneys' fees and costs related to the Action; provided, however, that Class Members who do not submit Claim Forms will not be releasing claims under the FLSA. In addition, this Settlement shall result in the release by Class Members of all claims arising under the California Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code §2698 *et seq.*, that were or could have been alleged in the Action, based on the allegations in the Action, and the Parties and counsel agree that no Class Members will be able to bring, and no recovery will be permitted for Class Members on, any such claims under PAGA that meet the definition of Class Member Released Claims. The Parties and their counsel agree and acknowledge that the Class Members were granted additional consideration for the release of these claims (which is already part of, and not in addition to, the Gross Settlement Amount), and that it was further agreed that the amount of $25,000.00 from the Gross Settlement Amount shall be paid to the California Labor and Workforce Development Agency pursuant to this Settlement.

Class Members will also waive all rights and benefits afforded by section 1542 of the California Civil Code. Section 1542 states:

A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(All defined terms shall have the same meaning as in the Settlement.)

6.     The Court hereby enters this Order as a Judgment, and hereby decrees that, upon entry, it shall be deemed as a final judgment with respect to all claims by all members of the Class against Defendant Security Consultants Group, Inc.

7.      All members of the Class who have not filed a timely and valid request for exclusion are barred and permanently enjoined from prosecuting claims that are settled and/or released pursuant to and/or under the Settlement.

8.     Konstantinos Moshogiannis is hereby approved as representative of the Class and is approved to receive an enhancement award in the amount of $7,500 from the settlement fund.

9.     Alan Harris and Abigail Treanor of Harris & Ruble are appointed as Class Counsel.

10.     The Court determines that Class Counsel is entitled to an award of attorneys' fees in the amount of $204,939 and an award of costs and expenses in the amount of $2,196.77.  The Court finds that the fee-and-cost award reflects the actual efforts expended by counsel in prosecuting this class action, and are supported by the lodestar crosscheck.  Upon entry of this Order, the Court hereby authorizes the Claims Administrator to make payments directly to Class Counsel of the award of attorneys' fees and costs in accordance with the terms of the Settlement.

11.     The Court hereby dismisses this action against Security Consultants Group, Inc. on the merits and with prejudice and without costs other than as provided in the Settlement.

12.     All Class members who filed valid Claim Forms shall participate and receive individual settlement payments in accordance with the terms of the Settlement.

13.     The Claims Administrator is hereby ordered to make the payments required under the Settlement in accordance with its terms and conditions.

14.     Without affecting the finality of this Judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all members of the Class, for purposes of supervising, administering, implementing,

1   enforcing, construing, and interpreting the Settlement, the claims process thereunder, and

2   this Judgment. The clerk shall close this file.

3   **IT IS SO ORDERED.**

4   Dated:      June 19, 2012

5                                                              The Honorable Edward J. Davila
                                                              United States District Judge